JEFFERY J. DAAR (SBN 105536)
jdaar@daarnewman.com
JONATHON F. SHER (SBN 58288)
jsher@daarnewman.com
DAAR & NEWMAN, a Professional Law Corp.
865 South Figueroa Street, Suite 2300
Los Angeles, CA 90017-2565
TEL: 213/892-0999     FAX: 213/892-1066
Attorneys for Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
MAY 13 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS MILY CASANOVA ALCALDE,<br><br>　　　　　　　　　　Plaintiff(s)<br>　v.<br><br>NAC REAL ESTATE INVESTMENTS & ASSIGNMENTS, etc., et al.<br><br>　　　　　　　　　　Defendant(s). | CASE NUMBER<br><br>CV-06-00794 FMC (RCx)<br><br>**ORDER**<br>**TO APPEAR FOR EXAMINATION RE:**<br>☒ **ENFORCEMENT OF JUDGMENT**<br>☐ **ATTACHMENT(Third Person)**<br><br>☒ **Judgment Debtor**　☐ **Third Person** |

The Court, having considered the Application for Appearance and Examination Re: Enforcement of Judgment/Attachment, hereby **ORDERS** the Application ☒ **GRANTED** ☐ **DENIED**.

**TO: NAC REAL ESTATE INVESTMENTS & ASSIGNMENTS, INC.**
　　　(Name of person to Appear)

**YOU ARE ORDERED TO APPEAR** personally before this Court, to:

　☒ furnish information to aid in enforcement of a money judgment against you.
　☐ answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
　☐ answer concerning property of the defendant in your possession or control concerning a debt you owe the defendant that is subject to attachment.

| | |
|---|---|
| **Date of appearance:** June 25, 2008 | **Time:** *9:00 a.m.* |
| **Place of Appearance:** | ☒ Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA<br>☐ Roybal Courthouse, 255 E. Temple, Los Angeles, CA<br>☐ Santa Ana Courthouse, 411 W. Fourth Street, Santa Ana, CA<br>☐ Riverside Courthouse, 3470 Twelfth Street, Riverside, CA |
| **Courtroom Number:** *23* | |

This Order may be served by a Marshal, sheriff, OR registered process server. ~~or the following, specially appointed person:~~ _____
　　　　(Name of appointed process server)

Date: 5-13-2008

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. ~~District Judge~~/U.S. Magistrate Judge

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR:** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

### APPEARANCE OF A THIRD PERSON
### (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED:** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR:** The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows: *(Clearly describe the property or debt. Print or type the description. Use an additional sheet of paper, if necessary.)*

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you MUST file your exemption claim *in writing* with the court and have a copy personally served on the judgment creditor not later than three (3) days before the date set for the examination.

You MUST appear at the time and place set for the examination to establish your claim of exemption or

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED:** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

### APPEARANCE OF A CORPORATION, PARTNERSHIP,
### ASSOCIATION, TRUST OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents or other persons who are familiar with your property and debts.

# ATTACHMENT TO ORDER TO APPEAR FOR EXAMINATION
## RE ENFORCEMENT OF JUDGMENT
*(Documents to Be Produced at Examination)*

Casanova vs. NAC, etc., et al.
Case No. CV -6-00794 FMC (RCx)

## DEFINITIONS

The term "NAC" refers to NAC Real Estate Investments & Assignments, Inc.

The term "you" and "your" refers to NAC.

The term "Cueva" refers to Nancy Amparo Cueva and her spouse.

## REQUESTS FOR PRODUCTION

1. Each and every deed of trust in which you are named or have any interest since February 1, 2004, to the present.

2. Each and every title report for any real property you owned, sold, transferred or had an interest in since February 1, 2004.

3. Each and every document containing or referring to any appraisal of real property or other property you owned, sold, transferred or had an interest in since February 1, 2004.

4. All documents pertaining to the sale, in or about May, 2006, by you, of 7908 Walker Avenue, Cudahy, California, including but not limited to where any proceeds from this sale were deposited and/or used.

5. All documents pertaining to your purchase of 7908 Walker Avenue, Cudahy, California, in or about July 2005, including but not limited to all documents showing the source of the proceeds used to purchase the property.

6. All documents, including any correspondence and loan applications with Barry Cooper pertaining to any property owned at any time by you, including but not limited to a borrowing in or about March 2006.

7. All documents, including any correspondence or loan applications, pertaining to any borrowings by you from Olague, LLC, pertaining to any property owned at any time by you, including but not limited to a borrowing in or about May 2006.

8. All documents pertaining to your purchase or any interest in the property located at 1100 North Bonnie Beach Place, Los Angeles, California, including but not limited to the source of funds used to purchase the property.

9. All documents, including correspondence and loan applications, pertaining to your purchase or any interest in the property located at 27593 Avenida Halago, Romoland, California 92585, including but not limited to the source of funds used to purchase the property.

10. All documents pertaining to any borrowing by you from DBA Bridge Funding, including but not limited to any borrowing in or about November 1999 and/or related to 11322 Virginia Avenue, Lynwood, CA.

11. All documents pertaining to your interest in the property address 12043 Excelsior Drive, Norwalk, California, including but not limited to the source of any funds used to acquire the property.

12. All documents pertaining to your interest in the property address 11125 Beckford Avenue, Northridge, California, including but not limited to the source of any funds used to acquire the property.

13. All documents pertaining to your interest in the property address 11322 Virgina Avenue, Lynwood, California, including but not limited to the source of any funds used to acquire the property.

14. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Household Finance, including but not limited to any borrowing in or about December 1999.

15. All documents pertaining to any borrowing by you from John Armijo, including but not limited to any borrowing in or about January 28, 2000 and August 2000 and any payments made on the loan.

16. All documents pertaining to any loans made by you to Fernando Fernandez in or about October 2006, including but not limited to any documents showing the source of the funds used for the loan and any payments made on the loan.

17. All documents pertaining to the sale by you of the property at 1100 North Bonnie Beach Place, Los Angeles, California, in or about October 2006, including where the source of any proceeds from the sale were deposited and/or used.

18. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Wes K. Associates Pension Plan, including but not limited to any borrowing in or about December 2004.

19. All documents regarding your acquisition and the use of funds to acquire property with the Assessor's Parcel No. 2706-015-012 in Los Angeles, California.

20. All documents regarding your acquisition and the use of funds to acquire property with the Assessor's Parcel No. 6194-021-030, acquired in or about October 2000.

21. All documents regarding your acquisition and the use of funds to acquire property with the Assessor's Parcel No. 2645-017-003.

22. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Town Bancorp Funding Corp.

23. All documents pertaining to your interest in the property at address 9853 Arleta Avenue, Los Angeles, California, since in or about July 11, 2000.

24. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Diane M. Armijo, including but not limited to any borrowing in or about March, 2001.

25. All documents pertaining to your sale of the property at address 9853 Arleta Avenue, Arleta, California, in or about July 2002.

26. All documents pertaining to your acquisition of the property with the Assessor's Parcel No. 6224-002-052 in or about March 2006 in Cudahy, California.

27. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Barry Cooper, including but not limited to any borrowing in or about March 2006.

28. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Barry Cooper, including but not limited to any borrowing in or about June 2006.

29. All documents pertaining to your acquisition, and any sale or transfer, of the property at 10351 Oklahoma Avenue, Chatsworth, California.

30. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Downey Savings and Loan.

31. All documents, including correspondence and loan applications, pertaining to any borrowing by you from Beneficial California.

32. All documents pertaining to NAC's transfer to Real Estate Short Sales, Inc., of the property at 10351 Oklahoma Avenue, Chatsworth, California in or about February 2004, including but not limited to all documents showing the consideration for the transfer.

33. All documents pertaining to the transfer from Real Estate Short Sales, Inc. to NAC, of the property at 10351 Oklahoma Ave., Chatsworth, California, in or about January 2007.

34. All documents, including correspondence and loan applications, evidencing any borrowing by you from Washington Mutual Bank concerning the property at 10351 Oklahoma Avenue, Chatsworth, California, including the use of the proceeds of such borrowings.

35. All documents pertaining to your sale of the property at 10351 Oklahoma Avenue, Chatsworth, California, to Real Estate Short Sales, Inc., in or about January 2007.

36. All documents pertaining to any property that you have acquired, sold or transferred in Peru, including but not limited to an apartment and house.

37. Each of NAC's financial statements from and including the year 2004 to the present.

38. Each and every financial statement for each and every subsidiary of NAC or affiliate of NAC, from and including 2004 to the present.

39. Each and every Real Estate Short Sales, Inc. financial statement from and including the year 2004 to the present.

40. Each and every correspondence (including but not limited to, facsimiles, letters, emails, contracts, and/or memos) exchanged between NAC and any person or entity from May 1, 2005 to the present, evidencing and/or mentioning the sale, transfer, lease, consignment, loan, and/or hypothecation of any and all assets (including, but not limited to, any and all real estate) owned and/or controlled by NAC and/or its subsidiary(ies).

41. Each and every bank statement for any and all bank accounts in the name of, owned, and/or controlled by NAC anywhere in the world, including Peru, from February 1, 2004 to the present.

42. Each and every bank statement for any and all bank accounts in the name of, owned, and/or controlled by any and all subsidiaries of NAC anywhere in the world, including Peru, from February 1, 2004 to the present.

43. Each and every statement of account for any and all financial institutions, including, but not limited to, brokerages, credit unions, and/or governments in the name of, owned, and/or controlled by NAC anywhere in the world, including Peru, from February 1, 2004 to the present.

44. Each and every statement of account for any and all financial institutions, including, but not limited to, brokerages, credit unions, and/or governments in the name of, owned, and/or controlled by any and all subsidiaries of NAC anywhere in the world, including Peru, from February 1, 2004 to the present.

45. Each and every statement of account for any and all monies and/or other forms of negotiable instruments held in any and all trusts and/or attorney client trust accounts by or on behalf of NAC since February 1, 2004.

46. Each and every statement of account for any and all monies and/or other forms of negotiable instruments held in any and all trusts and/or attorney client trust accounts by or on behalf of any and all subsidiaries of NAC since February 1, 2004.

47. All of NAC's tax returns for the years 2004, 2005 and 2006.

48. All of NAC's profit and loss statements and/or balance and income statements for any period between January 2004 and the date of your response.

49. The NAC general ledger for any part of January 1, 2004 to the date of your response.

50. All W-2s and/or 1099s you have issued between January 1, 2004 to the date of your response.

51. The general ledger for any and all of NAC's subsidiaries for any part of January 1, 2004, to the date of your response.

52. Each and every contract that NAC was or is a party to with anyone in the world at anytime from February 1, 2004 to the present.

53. Each and every contract that any of NAC's subsidiaries were or are a party to with anyone in the world at anytime from February 1, 2004 to the present.

54. Each and every document signed by or on behalf of NAC evidencing and/or mentioning the cession, lease, sale, hypothecation, consignment, and/or any other transfer of any and all assets from NAC to anyone from May 1, 2005 to the present.

55. Each and every agreement entered into by and between or among NAC and Cueva, or any of her children or her spouse, and in effect at anytime from February 1, 2004 to the present.

56. Each and every document signed by Cueva creating any entity in which NAC has any business dealings or relationship with at anytime from February 1, 2004 to the present.

57. Any and all outstanding promissory notes that NAC is the promisee.

58. Any and all outstanding promissory notes that NAC is the promisor.

59. Any and all outstanding promissory notes that any and all of NAC's subsidiaries is/are the promisee(s).

60. Any and all outstanding promissory notes that any and all of NAC's subsidiaries is/are the promisor(s).

61. Any and all outstanding promissory notes that Real Estate Short Sales, Inc. is the promisee.

62. Any and all outstanding promissory notes that Real Estate Short Sales, Inc. is the promisor.

63. Each and every document evidencing and/or mentioning each and every lease, transfer, sale, barter, loan, consignment, and/or hypothecation of each and every asset between NAC and Real Estate Short Sales, Inc. from February 1, 2004 to the present.

64. Each and every document evidencing and/or mentioning any and all payments made by you to Cueva from February 1, 2004 to the present.

65. Each and every document evidencing and/or mentioning any all payments made to NAC from February 1, 2004 to the present.

66. Each and every document evidencing and/or mentioning every lease, transfer, sale, barter, and/or hypothecation between NAC and Cueva from February 1, 2004 to the present.

67. Each and every statement of account for any and all financial institutions, including, but not limited to, brokerages, credit unions, and/or governments in the name of, owned, and/or controlled by NAC anywhere in the world from February 1, 2004 to the present.

68. Each and every statement of account for any and all financial institutions, including, but not limited to, brokerages, credit unions, and/or governments in the name of, owned, and/or controlled by any and all subsidiaries of NAC anywhere in the world from February 1, 2004 to the present.

69. Each and every real estate investment that you were or are a party to with anyone in the world at anytime from February 1, 2004 to the present.

70. Each and every real estate investment that Real Estate Short Sales, Inc. was or is a party to with anyone in the world at anytime from February 1, 2004 to the present.

71. Each and every document signed by or on behalf of NAC evidencing and/or mentioning the cession, lease, sale, hypothecation, consignment, and/or any other transfer of any and all assets from NAC to anyone from May 1, 2005 to the present.

72. Each and every document signed by you creating any entity in which NAC has any business dealings or relationship with at anytime from February 1, 2004 to the present.

73. Checkbooks for those accounts on which you have or have had authority to write checks, and check stubs, check registers and cancelled checks on each of those accounts since February 1, 2004.

74. Credit cards in your name and credit cards which you have or have had the authority to use, and credit card statements since February 1,

2004 on all credit cards in your name and for which you have or have had authority to use.

75. Payroll check stubs for any payroll checks issued to you by any person or entity since February 1, 2004.

76. Account statements since February 1, 2004 for any account at any bank, credit union, savings institution, thrift and loan, or other financial institution at which you have or have had an account into which anyone has made deposits in the last three years.

77. Account statements since February 1, 2004 from any stock brokerage or other financial institution which deals in securities and where you have or have had an account.

78. All documents referring to, describing or evidencing any transfer of real or tangible or intangible personal property made since February 1, 2004 to any person or entity whether by gift, sale or otherwise.

79. All promissory notes you have executed which have not been satisfied or extinguished by payment.

80. All documents evidencing or referring to any accounts receivable owned by NAC or any subsidiary of NAC since February 1, 2004.

81. All documents pertaining to any rents owed or received by you during the period of February 1, 2004 to the date of your response.

82. All documents referring to, describing or evidencing title in real or personal property in which you have any legal interest, including but not limited to real estate, boats, or motor vehicles.

83. All bonds, stock certificates, deeds of trust, drafts, bills of exchange or promissory notes or any other security in which you have or have had an interest.

84. All documents relating to, describing, or evidencing any safe deposit boxes in your name, including as to their location and contents.

85. All documents relating to, describing or evidencing any safe deposit boxes which contains property you own regardless of whether or not you have authority to open the box.

86. All documents relating to, describing, or evidencing in you any power of attorney or other power to sign checks or other instruments for the payment of money.

87. All documents relating to, describing, or evidencing any patents, trademarks, trade names, copyrights or inventions in which you have or have had any interest.

88. All documents relating to, describing or evidencing any trust in which you are a beneficiary.

89. All documents relating to, describing or evidencing any interest you have in the estate of a deceased person.

90. All documents relating to, describing or evidencing any pending lawsuit or other proceeding in which you are a party.

91. All documents relating to, describing or evidencing your interest in any joint ventures, partnership, limited liability companies or other business enterprise.

92. All documents relating to, describing or evidencing your interest in warehouse receipts, bills of lading or other documents of title.

93. All documents made since February 1, 2004, relating to, describing or evidencing applications by you for any loan, including but not limited to any mortgages.

94. All documents relating to, describing or evidencing any insurance policy of which you are the owner or beneficiary.

95. All documents relating to, describing or evidencing any assignment by you of any rights in any insurance policy, judgment or cause of action.

96. All documents relating to, describing or evidencing any fictitious business statement filed by you.

97. All documents relating to, describing or evidencing any license, franchise or permit granted or issued to you by any government entity.

98. All documents relating to, describing or evidencing any money owed to you.

99. All documents relating to, describing or evidencing any money owed to you as a refund on taxes paid.

100. All documents relating to, describing or evidencing any loan or other obligation on which you are a co-maker, guarantor or endorser.

101. A copy of each and every different business card which is printed, inscribed or engraved with your name.